UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AMERICAN SURGICAL ASSISTANTS, INC., | § § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. H-09-575 |
| CIGNA HEALTHCARE OF TEXAS, INC., | § § § | |
| Defendant. | § | |

**OPINION AND ORDER**

Presently before the Court is Defendant CIGNA Healthcare of Texas, Inc.'s ("CIGNA") Motion to Dismiss pursuant to Rules 9(b) and 12(b)(6) of the Federal Rules of Civil Procedure (Docs. 9, 10), as well as Plaintiff American Surgical Assistants, Inc.'s ("ASA") response (Doc. 15), and CIGNA's reply (Doc. 19). Upon review and consideration of this motion, the response and reply thereto, the relevant legal authority, and for the reasons explained below, the Court finds that CIGNA's motion to dismiss should be granted.

I. Background and Relevant Facts

CIGNA is a healthcare affiliate that provides administrative services for certain employee benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. § 1001 *et seq.* (Doc. 10 at 1.) ASA is a healthcare services staffing firm that provides surgical assistants, at the request of the surgeon, for patients undergoing surgical procedures. (Doc. 1-1 at 8.) Before providing surgical services to CIGNA's patients and policy-holders, ASA contacted CIGNA to verify insurance coverage for each patient. (Doc. 1-1 at 8, Exh. 1.) ASA alleges that CIGNA confirmed full coverage for all patients. (*Id.* at 9.) Upon

receiving approval from CIGNA, ASA provided surgical assistants during the surgeries for the patients at issue. (*Id.*) ASA billed CIGNA for its services but CIGNA refused to pay. (*Id.*)

On January 12, 2009, ASA filed suit in the 333rd Judicial District Court of Harris County, Texas, for negligence, negligent misrepresentation, breach of contract and failure to provide payment for services rendered. (Doc. 1-1 at 10–13.) ASA claims it relied on CIGNA's representations to its detriment, resulting in monetary damages of $4,485,544. (*Id.* at 10–12.) ASA further contends that CIGNA's refusal to pay for its services violated the Texas Insurance Code and the Texas Deceptive Trade Practices Act ("DTPA"). (*Id.* at 13.) ASA seeks total damages in excess of eight million dollars, plus costs and attorney's fees. (*Id.*)

On February 25, 2009, CIGNA removed the case to this Court pursuant to 28 U.S.C. § 1331. (Doc. 1 at 2.) CIGNA now moves to dismiss all of ASA's claims as preempted by ERISA. (Doc. 9 at 1.) CIGNA also moves to dismiss for lack of standing, failure to plead the negligent misrepresentation claim with particularity, lack of a contractual relationship, and failure to show unjust enrichment or a benefit conferred. (*Id.* at 19–23.)

On May 5, 2009, ASA requested leave to file an amended complaint that would exclude claims preempted by ERISA and include detailed factual allegations to support the negligent misrepresentation claim. (Doc. 13; Doc. 15 at 3.) On May 28, 2009, the Court denied ASA's motion to amend its complaint due to CIGNA's pending motion to dismiss, but suggested ASA could re-urge its motion, if appropriate, after a ruling on CIGNA's motion to dismiss. (Doc. 22.)

II. Standard of Review

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the filing of a motion to dismiss a case for failure to state a claim upon which relief can be granted. Fed. R. Civ.

P. 12(b)(6).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of its entitlement to relief requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation omitted).  A plaintiff must allege sufficient facts to state a claim to relief that is "plausible" on its face.  *Id.* at 569.  A claim is facially plausible when a "plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcraft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556).  But, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Id.* (quoting *Twombly*, 550 U.S. at 557) (internal quotations omitted).

      Nevertheless, it is the court's responsibility to determine whether the plaintiff has stated a legally cognizable claim that is plausible, not to evaluate the plaintiff's likelihood of success.  *Id.*  However, conclusory allegations and unwarranted factual deductions will not suffice to avoid a motion to dismiss.  *United States ex rel. Willard v. Humana Health Plan of Texas, Inc.*, 336 F.3d 375, 379 (5th Cir. 2003).  In ruling on a Rule 12(b)(6) motion, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint."  *Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017 (5th Cir. 1996).

III.  Discussion

    A.  ERISA Preemption Under § 502(a)

      Congress enacted ERISA to protect the welfare of participants and beneficiaries of employee benefit programs by providing regulatory requirements, procedures for enforcement,

appropriate remedies, and easy access to federal courts. *Aetna Health Inc. v. Davila*, 542 U.S. 200, 208 (2004). To ensure uniform regulation, ERISA has broad preemption provisions that are "deliberately expansive, and designed to establish [benefit] plan regulation as exclusively a federal concern." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 46 (1987). Under ERISA § 502(a)(1)(B),

> A civil action may be brought (1) by a participant or beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

29 U.S.C. § 1132(a). If a participant or beneficiary files a claim that "at some point in time, could have [been] brought . . . under ERISA § 502(a)(1)(B) and where there is no other independent legal duty . . . implicated by [the] defendant's actions, then the claim is preempted by ERISA § 502(a)(1)(B)." *Davila*, 542 U.S. at 210.

In *Hermann Hosp. v. MEBA Med. Benefits Plan*, Hermann Hospital sued MEBA, an insurance company, for non-payment of services under an ERISA benefit plan. 845 F.2d 1286 (5th Cir. 1988). Although Hermann Hospital filed common law claims, including breach of fiduciary duty, negligence, equitable estoppel, breach of contract, and fraud, the Court held that such claims fall within the scope of ERISA preemption. *Id.* (citing *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 57 (1987)). In *Davila*, the Supreme Court confronted similar claims brought against HMOs for improper denial of coverage under ERISA regulated plans. *Davila*, 542 U.S. at 204. Since the plaintiffs did not seek relief for a claim legally independent of ERISA, the cause of action fell within the scope of ERISA § 502(a)(1)(B), and was completely preempted. *Id.* at 214 (citing *Metropolitan Life*, 481 U.S. at 66). Likewise, ASA's common law claims seek to recover under ERISA governed benefit plans, and are therefore completely preempted by ERISA.

B.  <u>ERISA Preemption Under § 514</u>

ASA further alleges that CIGNA violated the Texas Insurance Code Article 21.21 §§ 4, 16 and Chapters 1301 and 843 and the Texas DTPA.  (Doc. 1-1 at 10.)  However, these claims also fall under ERISA's preemption clause, § 514(a), and are not protected by the savings clause, § 514(b)(2)(A).

ERISA's preemption provision provides that, "[§ 514(a)] shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan as described in § 1003(a) . . . ."  29 U.S.C. § 1144(a).  Section 1003(a) refers to benefit plans that are established or maintained "(1) by any employer engaged in commerce or in any industry or activity affecting commerce; or (2) by any employee organization or organizations representing employees engaged in commerce or in any industry or activity affecting commerce; or (3) by both."  29 U.S.C. § 1003(a).  The preemption clause is interpreted broadly in that, "a state law relates to a benefit plan . . . if it has a connection with or reference to such a plan."  *Metropolitan Life*, 481 U.S. at 739 (quoting *Shaw v. Delta Air Lines Inc.*, 463 U.S. 85, 91 (1993)).  Although expansive, Congress explicitly limited the reach of § 514(a) with the savings clause, § 514(b)(2)(A).  The savings clauses states that, "[e]xcept as provided in subparagraph (B), nothing in this subchapter shall be construed to exempt or relieve any person from any law of any State which regulates insurance, banking, or securities."  29 U.S.C. § 1144(b)(2)(A).  The Court considers three factors when determining which practices regulating insurance are saved from preemption under the savings clause: "*[f]irst,* whether the practice has the effect of transferring or spreading a policyholders' risk; *second,* whether the practice is an integral part of the policy relationship between the insurer and the insured; and *third,* whether the practice is limited to entities within the insurance industry."  *Id*. at 48–49 (quoting *Union Labor Life Ins.*

*Co. v. Pireno*, 458 U.S. 119, 129 (1982)) (emphasis in original).

Claims for violation of the Texas Insurance Code Article 21.21 § 16 and the Texas DTPA do not meet the three criteria of the savings clause and are therefore preempted by § 514(a) of ERISA. *Ramirez v. Inter-Continental Hotels*, 890 F.2d 760 (5th Cir. 1989). "Although [Article 21.21 § 16] is contained within the Texas Insurance Code . . . [and] by its terms is directed specifically at the insurance industry, it also incorporates wholesale the Texas Deceptive Trade Practices Act[,] . . . a law of general application." *Id.* at 763. The Texas Insurance Code and the Texas DTPA do not satisfy the second and third criteria of a practice regulating insurance and are therefore not saved from ERISA preemption. *Id.*

IV. Conclusion

Accordingly, the Court hereby ORDERS that CIGNA's motion to dismiss (Doc. 9) is GRANTED.

The Court further ORDERS that ASA may amend its complaint within thirty (30) days to plead a cause of action under ERISA.

SIGNED at Houston, Texas, this 16th day of August, 2010.

                                           MELINDA HARMON
                                      UNITED STATES DISTRICT JUDGE